OPINION OF THE COURT
William E. Garnett, J.
*761 If a defendant receives a split sentence as authorized by Penal Law § 60.01 (2) (d) and commits a new crime while incarcerated, can the defendant’s probation sentence be revoked and can the defendant be resentenced to a longer period of incarceration?
On May 3, 2004, the defendant pleaded guilty to the class C felony of attempted criminal sale of a controlled substance in the third degree. (Penal Law §§ 110.00, 220.39.) On August 17, 2004, the defendant was sentenced to six months’ incarceration concurrent with a term of probation not to exceed five years pursuant to Penal Law § 60.01 (2) (d).
While incarcerated on this sentence, the defendant committed the crime of promoting prison contraband in the second degree, a class A misdemeanor, and was sentenced to serve 30 days. (Penal Law § 205.20.) Thereafter, the Probation Department filed a specification alleging this conviction as a violation of probation. The Department recommended a sentence of incarceration without probation. The defense averred that a conviction while the defendant was serving the incarcerative portion of his sentence could not constitute the basis for a violation of probation as the defendant had not yet been released to the supervision of the Probation Department.
When a court imposes a sentence which includes probation, the probation portion of that sentence is revocable. (Penal Law § 60.01 [2].) The sentence imposed in this case was specifically authorized by Penal Law § 60.01 (2) (d). In pertinent part, the statute reads: “The sentence of imprisonment shall be a condition of and run concurrently with the sentence of probation. . . .” (Penal Law § 60.01 [2] [d].) Thus, although the defendant is incarcerated for a period of time while on probation, the defendant is nevertheless on probation while in prison. Certainly, the court is not required to impose probation after the completion of the jail term by resentencing the defendant and again reminding the probationer of his or her obligations to the court and the Probation Department. Moreover, the court is not circumscribed in its discretion to revoke probation when a sentenced prisoner commits a crime or crimes while incarcerated. To allow a defendant to engage in criminal activity while incarcerated and still require the court to continue the probation portion of the defendant’s sentence without a review requested by the Probation Department upon the filing of a specification would undermine the statutory predicates for the imposition of a probation sentence outlined in Penal Law § 65.00 (1).
*762 This approach is consistent with the Court of Appeals’ interpretation of the meaning of this statute as explained in Matter of Pirro v Angiolillo (89 NY2d 351 [1996]). In that case, the Court of Appeals dealt with the converse situation in which the power of the sentencing court to reduce the jail component of a split sentence after the sentence had commenced was challenged. The Court reviewed the rationale underlying the Legislature’s 1978 amendment to Penal Law § 60.01 (2) (d) which resulted in the statutory language cited above. (Executive Mem in Support, Bill Jacket, L 1978, ch 274.) The amendment was prompted by a lower court decision which had ruled that, on a split sentence, the period of probation only began to run when the jail portion of the sentence had been completed. (Matter of Pirro, supra at 358 n 6.) “The 1978 amendment was deemed necessary to make clear that the courts had the authority ‘to sentence an individual to serve both jail and probation at the same time.’ ” (Matter of Pirro, supra at 358, quoting Executive Mem in Support, Bill Jacket, L 1978, ch 274.) Thus, the Legislature amended the statute to obviate the argument that probation only commences after the conclusion of the jail time on a split sentence. Therefore, when a defendant is sentenced to a split sentence, the defendant is on probation at the moment that sentence is pronounced and while the defendant serves any jail time.
In this case, therefore, when the defendant committed the crime of promoting prison contraband in the second degree, he acted in violation of his probation despite the fact that he was serving the jail component of his sentence before the commencement of his supervision by the Probation Department. Thus, his probation may be revoked and he may be resentenced to a longer period of incarceration without probation.